Margret M. Caruso (Bar No. 243473)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone:   (650) 801-5000
Facsimile:    (650) 801-5100
margretcaruso@quinnemanuel.com

Dylan I. Scher (admitted *pro hac vice*)
Hannah K. Odenthal (admitted *pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone:   (212) 849-7000
Facsimile:    (212) 849-7100
dylanscher@quinnemanuel.com
hannahodenthal@quinnemanuel.com

Jocelyn Ma (Bar No. 319878)
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone:   (415) 875-6600
Facsimile:    (415) 875-6700
jocelynma@quinnemanuel.com

*Attorneys for Google LLC*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| GEMINI DATA, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC, a Delaware limited liability company; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 4:24-cv-06412-JSW<br><br>**ANSWER TO PLAINTIFF GEMINI DATA, INC.'S COMPLAINT** |

Google LLC ("Google") answers Plaintiff Gemini Data, Inc.'s ("Plaintiff" or "Gemini Data") Complaint according to its numbered paragraphs, and hereby sets forth its affirmative defenses, as follows:

Google interprets any headings to provide a roadmap to the allegations and not as allegations themselves. Google therefore does not provide a specific response to any headings. To the extent a response is required, Google denies any allegations contained therein.

**GENERAL DENIAL**

Except as otherwise expressly admitted herein, Google denies each and every allegation set forth in the Complaint and specifically denies any liability to Plaintiff. Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, allegations in the Complaint to which no responsive pleading is required shall be deemed denied. Google expressly reserves the right to seek to amend and/or supplement its Answer as necessary, including the right to assert and rely upon additional defenses as may be discovered.

**NATURE OF THE ACTION**

1.  Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 1 and therefore denies those allegations.

2.  Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 2 and therefore denies those allegations.

3.  Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 3 and therefore denies those allegations. Google avers, on information and belief, that Plaintiff does not have a registered trademark in the word "Gemini" alone.

4.  Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 4 and therefore denies those allegations. Google admits that on February 8, 2024, it publicly announced a re-branding of its Bard AI chatbot and device assistant to Gemini. Google avers that it is not aware of Plaintiff offering any competing chatbot or device assistant products. Google avers that while its trademark clearance

1  process is privileged, numerous GEMINI and GEMINI-formative marks are registered and/or in
2  use.  Indeed, Plaintiff relied on this fact in prosecuting its asserted GEMINI design mark,
3  representing to the USPTO: "the Federal Trademark Register and the marketplace are replete with
4  uses of GEMINI in connection with software and technology products and services."  (Jan. 7,
5  2020 Response to Office Action re: Ser. No. 88/421,657.)  Google denies the remaining
6  allegations in Paragraph 4.

7        5.    Google admits that the trademark examiners for its September 2023 and February
8  2024 applications for registration of the GEMINI mark issued nonfinal office actions refusing
9  registration based on likelihood of confusion with various GEMINI marks.  Google avers that
10 Plaintiff, in prosecuting its asserted GEMINI design mark, also received a nonfinal office action
11 refusing registration based on likelihood of confusion, which Plaintiff responded to by
12 representing that the likelihood of confusion was low because of "[t]he weak and diluted nature"
13 of GEMINI, explaining that "[t]he likelihood of consumer confusion is reduced because, where
14 the shared portion of two similar marks is widely used, consumers are more likely to look to other
15 elements of the mark to distinguish the source of the goods," and stating that "the Federal
16 Trademark Register and the marketplace are replete with uses of GEMINI in connection with
17 software and technology products and services."  (Jan. 7, 2020 Response to Office Action re: Ser.
18 No. 88/421,657.)  Google also avers that it has an international registration for its GEMINI mark.
19 Google denies the remaining allegations in Paragraph 5.

20       6.    Google denies the first sentence of Paragraph 6, and denies that it contacted Gemini
21 Data, directly or otherwise, regarding any possible brand acquisition.  Google otherwise lacks
22 knowledge or information sufficient to form a belief as to the truth or falsity of the remaining
23 allegations in Paragraph 6 and therefore denies those allegations.

24       7.    Google admits it is aware that USPTO records reflect that Gemini Data owns a
25 registered trademark in the stylized design mark **GEMINI** and that the trademark examiners
26 for Google's September 2023 and February 2024 GEMINI applications issued nonfinal office
27 actions refusing registration of the GEMINI mark.  Google admits that the nonfinal action refusing
28

Google's application filed in Class 42 was based on likelihood of confusion with several marks, including marks not registered as owned by Gemini Data. Google admits and avers that, like many other companies, it uses its GEMINI brand to market and promote software and technology products and services, including, in Google's case, in connection with its consumer chatbot and device assistant formerly known as Bard. Google denies the implication that it used Plaintiff's registered **GEMINI** mark. Google denies the remaining allegations in Paragraph 7.

8. Google admits that Gemini Data does not hold a monopoly over the development of generative AI tools, and avers that numerous other companies have GEMINI-formative U.S. registered trademarks in the same classes (9 and 42) for which Plaintiff's asserted mark is registered. Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of Paragraph 8 and therefore denies those allegations. Google denies the remaining allegations in Paragraph 8.

9. Google admits that Gemini Data has filed a Complaint seeking relief regarding its allegations against Google. Google denies Gemini Data is entitled to any such relief and the remaining allegations of Paragraph 9.

## PARTIES

10. Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 10 and therefore denies those allegations.

11. Google admits the allegations of Paragraph 11.

12. Google denies that any infringement or other alleged violations regarding Plaintiff's asserted marks occurred that Google or any person or entity associated with it is responsible for. Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 12, including as to the identity of "named Defendants," other than Google, and therefore denies those allegations.

13. Google denies that either Google or any person or entity associated with it, is responsible for any infringement or other alleged violations regarding Plaintiff's asserted marks, and Google denies the allegations in Paragraph 13 as to itself. Google lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 13, including as to the identity of any other Defendants, and therefore denies those allegations.

14. Google admits it has transacted business within the Northern District of California.

## JURISDICTION AND VENUE

15. Google admits that Gemini Data is attempting to assert claims under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*, and that the Court has federal question jurisdiction over such claims. Google admits that the Court may in its discretion exercise supplemental jurisdiction over the remaining California state law claims.

16. For purposes of this action, Google admits that venue in this district is proper.

17. Google admits that this Court has personal jurisdiction over it and admits that Google resides in and is doing business in the State of California and in this judicial district. Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 17 relating to any other purported Defendant, and therefore denies those allegations. Google denies the remaining allegations in Paragraph 17.

## GENERAL ALLEGATIONS

18. Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 18 and therefore denies those allegations.

19. Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 19 and therefore denies those allegations.

20. Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 20 and therefore denies those allegations.

21. Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 21 and therefore denies those allegations.

22. Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 22 and therefore denies those allegations.

23.     The last sentence of Paragraph 23 is a legal conclusion as to which no response is required, and on that basis Google denies it.  Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 23 and therefore denies those allegations.

24.     Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 24, which are also so vague that Google cannot reasonably prepare a response, and therefore denies those allegations.

25.     Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 25, which are also so vague that Google cannot reasonably prepare a response, and therefore denies those allegations.  However, Google avers that Registration No. 6,380,947 (for goods and services in class 9) and Registration No. 6,389,900 (for goods and services in class 9) reflect a first use date of June 2017, not June 1, 2011.

26.     Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 26 and therefore denies those allegations.  Google avers, on information and belief, that the relevant consuming public does not associate all AI tools bearing a GEMINI-formative mark as exclusively connected with or offered by Gemini Data.

27.     Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 27 and therefore denies those allegations.

28.     Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 28 that Gemini Data has valid "prior and well-established common law and federal statutory rights in the GEMINI Marks," and therefore denies those allegations.  Google denies the implication that it used Plaintiff's registered GEMINI mark.  Google admits that it adopted and used GEMINI in connection with the promotion and marketing of products and services that incorporate its sophisticated language learning models, such as its consumer chatbot and device assistant formerly known as Bard.  Google denies the remaining allegations in Paragraph 28.

29. Google avers that on March 30, 2023, The Decoder published an article stating that Google was working on a "Gemini project" that would be an alternative to OpenAI's GPT-4. https://the-decoder.com/gemini-google-and-deepmind-develop-gpt-4-competition/. Google admits that on February 8, 2024, Google publicly announced the rebranding of its Bard chatbot and device assistant to Gemini. Google admits that it developed "Gemini Ultra," "Gemini Pro," and "Gemini Nano" versions of its sophisticated large language model. Google denies the remaining allegations in Paragraph 29, including denying that it needed authorization from Gemini Data.

30. Google admits the allegations in Paragraph 30 regarding the examples provided and that its GEMINI-branded AI models allow consumers to obtain help with writing, brainstorming, and learning. Google otherwise denies the allegations of Paragraph 30.

31. Google avers numerous GEMINI and GEMINI-formative marks are registered and/or in use. Indeed, Plaintiff acknowledged as much to the USPTO in prosecuting its asserted GEMINI design mark, representing: "the Federal Trademark Register and the marketplace are replete with uses of GEMINI in connection with software and technology products and services." (Jan. 7, 2020 Response to Office Action re: Ser. No. 88/421,657.) Google avers that its trademark clearance process is privileged, and on that ground denies the remaining allegations in Paragraph 31.

32. Google admits the allegations of Paragraph 32 and avers that another basis of its filing was Section 1(b).

33. Google denies that the USPTO finally refused registration or that it stated that Gemini Data has prior, exclusive rights to use of the GEMINI mark in connection with AI tools. Google admits that the trademark examiner issued a nonfinal office action on May 9, 2024 denying Google's application for registration of the GEMINI mark, citing registrations for multiple GEMINI-formative marks, including Plaintiff's asserted marks. Google avers that in response to *Plaintiff*'s application to register its asserted GEMINI mark, the trademark examiner issued a similar nonfinal office action, including that Plaintiff's mark may be refused registration because of a likelihood of confusion with marks in prior-filed applications to register GEMINI-

1  formative marks.  Google further avers that Plaintiff responded to that nonfinal refusal by
2  representing that the likelihood of confusion was low because of "[t]he weak and diluted nature"
3  of GEMINI, explaining that "[t]he likelihood of consumer confusion is reduced because, where
4  the shared portion of two similar marks is widely used, consumers are more likely to look to other
5  elements of the mark to distinguish the source of the goods," and stating that "the Federal
6  Trademark Register and the marketplace are replete with uses of GEMINI in connection with
7  software and technology products and services."  (Jan. 7, 2020 Response to Office Action re: Ser.
8  No. 88/421,657.)  Google denies the remaining allegations in Paragraph 33.

9        34.     Google denies that it contacted Gemini Data, directly or otherwise, regarding any possible acquisition of rights or any other issue before the filing of this action.  Google otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 34 and therefore denies those allegations.

13        35.     Google denies the allegations in Paragraph 35, including the implication that it used Plaintiff's registered GEMINI mark.

15        36.     Paragraph 36 is a legal conclusion as to which no response is required, and on that basis Google denies it.  Alternatively, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the underlying factual allegations in Paragraph 36 and therefore denies those allegations.

19        37.     Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 37 and therefore denies those allegations.

21        38.     Google denies the allegations in Paragraph 38.

22        39.     Google denies the allegations in Paragraph 39, including the implication that it used Plaintiff's registered GEMINI mark.

24        40.     Google denies the allegations in Paragraph 40.

25        41.     Google denies the allegations in Paragraph 41.

## FIRST CAUSE OF ACTION

### Federal Trademark Infringement, 15 U.S.C. § 1114(1)-(2)

### (Against Google and Does 1-10)

42. Google incorporates by reference its responses in each and every paragraph of this Answer with the same force and effect as if fully set forth herein.

43. Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 43 and therefore denies those allegations. Google avers, on information and belief, that the relevant consuming public does not associate GEMINI marks exclusively with Plaintiff.

44. Google admits that it did not seek nor obtain Plaintiff's affirmative consent, and denies any implication it needed to. Google denies the remaining allegations in Paragraph 44, including the implication that it used Plaintiff's registered GEMINI mark.

45. Google denies the allegations in Paragraph 45, including the implication that it used Plaintiff's registered GEMINI mark.

46. Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 46 and therefore denies those allegations, including the implication that it used Plaintiff's registered GEMINI mark.

47. Google denies the allegations in Paragraph 47, including the implication that it used Plaintiff's registered GEMINI mark.

48. Google denies the allegations in Paragraph 48.

49. Google denies the allegations in Paragraph 49.

50. Google denies the allegations in Paragraph 50.

51. Google denies the allegations in Paragraph 51.

52. Google denies the allegations in Paragraph 52.

53. Google denies the allegations in Paragraph 53.

## SECOND CAUSE OF ACTION

**False Designation of Origin and Unfair Competition, 15 U.S.C. § 1125**

**(Against Google and Does 1-10)**

54. Google incorporates by reference its responses in each and every paragraph of this Answer with the same force and effect as if fully set forth herein.

55. Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 55 and therefore denies those allegations. Google avers, on information and belief, that the relevant consuming public does not associate GEMINI marks exclusively with Plaintiff.

56. Google denies the allegations in Paragraph 56, including the implication that it used Plaintiff's registered GEMINI mark.

57. Google denies the allegations in Paragraph 57, including the implication that it used Plaintiff's registered GEMINI mark.

58. Google denies the allegations in Paragraph 58.

59. Google denies the allegations in Paragraph 59.

60. Google denies the allegations in Paragraph 60.

61. Google denies the allegations in Paragraph 61.

## THIRD CAUSE OF ACTION

**California Common Law Trademark Infringement and Unfair Competition Law**

**(Against Google and Does 1-10)**

62. Google incorporates by reference its responses in each and every paragraph of this Answer with the same force and effect as if fully set forth herein.

63. Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 63 and therefore denies those allegations. Google avers, on information and belief, that the relevant consuming public does not associate GEMINI marks exclusively with Plaintiff.

1    64.   Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 64 and therefore denies those allegations.

2    65.   Google denies the allegations in Paragraph 65.

3    66.   Google denies the allegations in Paragraph 66.

4    67.   Google denies the allegations in Paragraph 67.

5    68.   Google denies the allegations in Paragraph 68.

### FOURTH CAUSE OF ACTION

**Unfair Competition Law - California Bus. & Prof. Code §§ 17200, *et seq*.**

**(Against Google and Does 1-10)**

69.   Google incorporates by reference its responses in each and every paragraph of this Answer with the same force and effect as if fully set forth herein.

70.   Google denies the allegations in Paragraph 70.

71.   Google denies the allegations in Paragraph 71, including the implication that it used Plaintiff's registered GEMINI mark.

72.   Google denies the allegations in Paragraph 72.

73.   Google denies the allegations in Paragraph 73.

74.   Google admits that Plaintiff seeks injunctive relief. Google denies Plaintiff is entitled to such relief and denies the remaining allegations in Paragraph 74.

75.   Google admits that Plaintiff seeks an order of disgorgement, but Google denies the remaining allegations in Paragraph 75, including the implication that it used Plaintiff's registered GEMINI mark.

### PRAYER FOR RELIEF

Google denies that Plaintiff is entitled to any of the relief demanded in the Prayer for Relief. Google respectfully requests a judgment in its favor and dismissing Plaintiff's Complaint in its entirety with prejudice. Google reserves the right to seek all fees and costs, including but not limited to reasonable attorneys' fees and costs pursuant to 15 U.S.C. §1117(a), pre- and post-

judgment interest to the fullest extent available, and any other and further relief as the Court deems just, equitable, and proper.

**FURTHER ANSWER, DEFENSES, AND AFFIRMATIVE DEFENSES**

By way of further Answer, defenses, and affirmative defenses, Google denies that it is liable to Gemini Data on any of the claims alleged and denies that Gemini Data is entitled to damages, treble or punitive damages, equitable relief, attorney's fees, costs, pre-judgment interest or to any relief whatsoever from Google, and states as follows:

**FIRST DEFENSE**

**(Failure to State a Claim)**

76. The Complaint fails to state a claim upon which relief can be granted, including because no factual allegations support the unfair or deceptive prongs of the claim under California Bus. & Prof. Code § 17200.

**SECOND DEFENSE**

**(No Irreparable Harm)**

77. Plaintiff's claims for injunctive relief are barred because Plaintiff cannot show that it is likely to suffer any irreparable harm from Google's actions.

**THIRD DEFENSE**

**(Trademark Non-Infringement)**

78. Plaintiff's claims under the Lanham Act and the laws of the State of California are barred, in whole or in part, because Google did not, and does not, infringe Plaintiff's trademarks.

**FOURTH AFFIRMATIVE DEFENSE**

**(Laches)**

79. Plaintiff's claims under the Lanham Act and the laws of the State of California are barred, in whole or in part, under the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

80. The claims made in the Complaint are barred, in whole or in part, because of Plaintiff's failure to mitigate damages, if such damages exist.

### SIXTH DEFENSE

### (No Willfulness)

81. The claims for enhanced damages and an award of fees and costs against Google have no basis and should be denied.

### SEVENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

82. The alleged injury or damage suffered by Plaintiff, if any, would be adequately compensated by damages. Accordingly, Plaintiff has a complete and adequate remedy at law and is not entitled to seek equitable relief, including but not limited to Plaintiff's request for injunctive relief.

### ADDITIONAL DEFENSES

83. Google reserves the right to assert additional defenses.

### JURY DEMAND

A jury trial is demanded on all issues so triable.

WHEREFORE, Google prays for judgment as follows:

1. That Gemini Data takes nothing by way of its Complaint;

2. That the Complaint, and each and every purported claim for relief therein, be dismissed with prejudice;

3. That Google be awarded its costs of suit incurred herein, including attorneys' fees and expenses; and

4. For such other and further relief as the Court deems just and proper.

DATED: October 31, 2024

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  /s/ *Margret M. Caruso*
    Margret M. Caruso
    *Attorneys for Google LLC*