UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GEMINI DATA, INC.,

Plaintiff,

v.

GOOGLE LLC,

Defendant.

Case No. 24-cv-06412-JSW

**ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND MODFIFYING SCHEDULING ORDER**

Re: Dkt. No. 75

This matter comes before the Court upon consideration of the motion to modify the scheduling order and for leave to file an amended complaint, filed by Plaintiff Gemini Data, Inc. ("Gemini Data"). The Court has considered the parties' papers, relevant legal authority, and the record in this case.[1] The Court finds the motion is suitable for disposition without oral argument, VACATES the hearing scheduled for February 6, 2026, and GRANTS Gemini Data's motion.

**BACKGROUND**

On September 11, 2024, Gemini Data filed its original complaint accusing Google of trademark infringement and unfair competition under federal and state law after Google rebranded its artificial intelligence chatbot from BARD to GEMINI. According to Gemini Data, "Google has unabashedly wielded its power to rob Gemini of its cultivated brand. Assuming a small company like Gemini Data would not be in a position to challenge a corporate giant wielding overwhelming power, Google continues to knowingly and willfully infringe on Gemini Data's rights, seemingly without remorse." (Compl. ¶ 8.) Google filed an answer to the Complaint.

---

[1] Defendant Google LLC ("Google") objected to Gemini Data's references to statements it made in a settlement conference statement. Gemini Data voluntarily withdrew its reliance on those statements. Accordingly, the Court has not considered those statements to resolve the motion.

On January 7, 2025, the Court vacated the case management conference and issued a Scheduling Order. (Dkt. No. 28 (Scheduling Order).) The deadline to file amended pleadings was May 2, 2025. (*Id.*) Neither Gemini Data nor Google amended their pleadings. On September 5, 2025, the Court granted the parties' stipulation to modify the Scheduling Order. (Dkt. No. 44.) In October 2025, Gemini Data filed a motion to further modify the Scheduling Order because it was in the process of retaining new counsel. The Court granted that motion, in part. (Dkt. No. 49.) Gemini Data's new counsel entered their appearance in November 2025. Under the current Scheduling Order, fact discovery closed on December 18, 2025, expert disclosures are due on February 6, 2026, and expert discovery closes on February 18, 2026. (Dkt. Nos. 44, 49.)

Gemini Data attests that in November 2025, it advised Google that it would not be relying on forecasts regarding commercial success because the case was about reverse confusion. (Declaration of Shannon Frazier ("Frazier Decl."), ¶ 5.) Gemini Data attests that, or about December 2, 2025, Google notified it that it did not believe Gemini Data alleged reverse confusion in the Complaint. (*Id.* ¶¶ 6, 18.) Google attests that none of Gemini Data's initial disclosures or discovery responses mentioned reverse confusion until November 25, 2025. (Declaration of Dylan Scher, ¶¶ 3-4.)

Although Gemini Data contends the initial complaint was sufficient to plead reverse confusion, it moves to modify the Scheduling Order's deadline to file amended pleadings and for leave to file an amended complaint that removes allegations of forward confusion.[2]

**ANALYSIS**

**A.    Applicable Legal Standards.**

Federal Rule of Civil Procedure 16(b) governs a party's attempts to amend its pleading once the district court's deadline for amending pleadings has passed. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). The moving party may amend their pleading if they can establish "good cause" to do so. *Id.* Once Rule 16(b) is satisfied, leave to

---

[2]    Gemini Data also moves for leave to remove the Doe Defendants. Although Google argues Gemini has not shown good cause to modify the Scheduling Order, it does not otherwise oppose that request.

amend should be "freely given as justice so requires" under Federal Rule of Civil Procedure 15(a). Fed. R. Civ. P. 15(a). Granting leave to amend rests in the sound discretion of the district court. *Pisciotta v. Teledyne Industries, Inc.*, 91 F.3d 1326, 1331 (9th Cir. 1996). "Although the rule should be interpreted with extreme liberality, leave to amend is not to be granted automatically." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (citations omitted).

**B.    Gemini Data Has Shown Good Cause Under Rule 16.**

"Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. Diligence is generally determined by examining the time between the moving party's discovery of new facts and the time it asks leave of the court to file an amended pleading. *See, e.g., Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087-88 (9th Cir. 2002); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294-95 (9th Cir. 2000). If a party fails to show it was diligent, the inquiry should end. *See Johnson*, 975 F.2d at 609.

Google does not dispute that Gemini Data promptly filed this motion after learning that Google did not believe it had alleged reverse confusion. Google argues that Gemini Data has not been diligent because it should have known its theory of liability since the outset of the litigation. "[R]everse confusion is not a separate claim that must be specifically pleaded, but instead is a theory of likely confusion that may be alleged by itself or in addition to forward confusion." *Marketquest Grp. Inc. v. Bic Corp.*, 862 F.3d 927, 932 (9th Cir. 2017). "[W]hen reverse confusion is compatible with the theory of infringement alleged in the complaint, a plaintiff need not specifically plead it." *Id.*

"Forward confusion" occurs when a consumer believes "that goods bearing the junior mark," here Google's GEMINI products, "come from or were sponsored by, the senior mark holder," *i.e.,* Gemini Data. *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 630 (9th Cir. 2005). In contrast, "reverse confusion occurs when consumers dealing with the senior mark holder believe that they are doing business with the junior one." *Id.*; *see also Dermfx, Inc. v. Obagi Med. Prods., Inc.*, No. SACV 15–01999 JVS (DFMx), 2017 WL 2684548, at *4 (C.D. Cal. Mar. 24, 2017) ("[T]he basic question is whether (1) a plaintiff holding a senior mark claims that consumers are confused regarding the origination of a defendant's products—which is forward

United States District Court
Northern District of California

3

confusion—or (2) a plaintiff claims that consumers are confused regarding the origination of a plaintiff's products—which is reverse confusion.").

Gemini Data originally alleged that Google's use of the GEMINI mark "is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of [Google's] AI tools, and is likely to cause consumers to believe, contrary to fact, that [Google's] AI tools are sold, authorized, endorsed, or sponsored by [Gemini], or that [Google] is in some way affiliated with or sponsored by [Gemini]." (Compl. ¶ 47.) Although Gemini Data now seeks to flip the references to the parties those allegations, it did not reference any specific instances of confusion in the original complaint and included general allegations that Google's use of the GEMINI mark was likely to cause confusion. (*See, e.g.,* Compl. ¶¶ 5, 39, 45.)

Google did not limit its discovery requests to instances of forward confusion. It asked for discovery on "each instance of confusion" Gemini Data contended had occurred. (*See, e.g.,* Frazier Decl., ¶¶ 5, 7-9, Ex. C (Rule 30(b)(6) Depo. Notice at p. 8 ¶ 14), Ex. D (Request for Production No. 20), Ex. E (Request for Production 56), Ex. F (Interrogatory No. 7).) In its responses, Gemini identified instances of reverse confusion. (*See, e.g., id.,* ¶ 11, Ex. H (Supplemental Response to Interrogatory No. 7).) Google argues that Gemini Data's responses to discovery are irrelevant because it is entitled to rely on the allegations in the Complaint.

The Court concludes the cases on which Google relies are distinguishable. For example, in *Dermfx*, the court was addressing a motion for summary judgment and had to determine which of the *Sleekcraft* factors were most relevant. 2017 WL 2684548, at *4-*5; *see also Paulick v. Starwood Hotels & Resorts Worldwide, Inc.* No. 10-cv-01919-JCS, 2012 WL 2990760 (N.D. Cal. July 20, 2012) (in ADA access case, court refused to consider barriers identified in motion that were not identified in complaint because a Ninth Circuit decision required the plaintiff to plead barriers with specificity). In addition, in *Baker v. Santa Clara University*, the plaintiff asked the defendant to stipulate to amendment but waited five months before providing the proposed amendment to defendant. The plaintiff then waited another two months before she sought leave to amend. No. 17-cv-02213-EJD, 2018 WL 3491689, at *3 (N.D. Cal. July 19, 2018).

Under *Marketquest*, Gemini Data was not required to plead a specific theory of confusion

United States District Court
Northern District of California

in its original complaint.  Looking at the allegations in their entirety, the Court cannot conclude that reverse confusion would be an implausible theory.  Gemini Data promptly filed this motion when Google challenged its theory.  The Court concludes Gemini Data has been diligent and finds it has shown good cause to seek leave to modify the deadline to file amended pleadings and good cause for leave to amend.

**C.    Gemini Data Has Met Its Burden Under Rule 15.**

Under Rule 15, the Court considers five factors to determine whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended the complaint.  *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).  "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight…Absent prejudice, or a strong showing of any of the remaining … factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend."  *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

For the reasons articulated in the previous section, the Court concludes Gemini Data has not unduly delayed in seeking leave to amend.  Because this is the first time Gemini Data has amended the complaint, the fifth factor also weighs in its favor.  The Court also concludes that the record does not support finding that Gemini Data acted in bad faith.

Google argues that because discovery has closed and the deadlines for expert discovery are approaching, it will be prejudiced by what it perceives as an about face in Gemini Data's theory of the case.  "The danger of prejudice is heightened when a plaintiff seeks to amend its complaint in the later stages of litigation or on the eve of trial."  *Scognamillo v. Credit Suisse First Bos., LLC*, 587 F. Supp. 2d 1149, 1155 (N.D. Cal. 2008) (internal citation omitted) (denying leave to amend because plaintiff sought to add additional claims twelve weeks before discovery cut-off date).  However, "[p]rejudice must be substantial in order for the Court to justify denying leave to amend."  *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

Google does provide any argument showing that the Court would be required to reopen fact discovery.  It does argue that the focus on reverse confusion could impact expert surveys.  *See, e.g., Jackson,* 902 F.2d at 1387 (if additional discovery would have to be undertaken" because

*United States District Court*
*Northern District of California*

the amended pleading contains "different legal theories and require[s] proof of different fact[s]," the opposing party may be prejudiced). The Court concludes any such prejudice can be remedied by an extension of existing deadlines. Finally, Google argues that it would be futile to grant Gemini Data leave to amend because the instances of confusion it has produced in discovery do not constitute actionable confusion. That is a question for summary judgment, not whether leave to amend should be granted.

Accordingly, the Court GRANTS Gemini Data's motion. Gemini Data shall file the amended by no later than February 3, 2026, and Google shall file its responsive pleading by no later than February 17, 2026. In addition, the Court MODIFIES the Scheduling Order as follows:

Designation of Experts by 3/23/2026.

Close of Expert Discovery by 4/3/2026.

Plaintiff's Motion for Summary Judgment due by 5/1/2026.

Defendant's Motion for Summary Judgment and Opposition due by 5/22/2026.

Plaintiff's Opposition and Reply due by 6/12/2026.

Defendant's reply due by 6/26/2026.

Motion for Summary Judgment Hearing set for July 31, 2026, at 09:00 AM

The Court will not alter the briefing schedule or hearing date for *Daubert* motions.

**IT IS SO ORDERED**.

Dated: January 27, 2026

_____
JEFFREY S. WHITE
United States District Judge

United States District Court
Northern District of California

6