UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GEMINI DATA, INC., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Case No. 24-cv-06412-JSW   (PHK) <br><br> **ORDER RE: PLAINTIFF'S REQUEST FOR SUPPLEMENTATION OF DISCOVERY RESPONSES** <br><br> Re: Dkts. 63 and 108 |

**INTRODUCTION**

This case arises out of a dispute between Plaintiff Gemini Data, Inc. ("Gemini") and Defendant Google, LLC ("Google") regarding alleged trademark infringement. Gemini, a start-up founded in 2013, holds registered "GEMINI" trademarks for AI software and services. [Dkt. 63 at 2]. Google, allegedly unaware of Gemini's registrations, decided on the name "Gemini" for its deep learning model research in 2023, and eventually named its AI chatbot "Gemini" in 2024. *Id.* at 4-5. Plaintiff asserts claims for trademark infringement, false designation of origin, and unfair competition. [Dkt 1].

All discovery matters in this case have been referred to the undersigned. [Dkt. 49]. Now before the Court is a joint discovery letter brief filed by the Parties regarding Plaintiff's request for supplementation of discovery responses. [Dkt. 63]. The letter brief was filed on November 18, 2025. *Id.* Fact discovery closed on December 18, 2025. [Dkt. 49]. The Court heard oral argument on this matter on January 29, 2026. [Dkt. 98]. At the hearing, the Court resolved the instant disputes verbally and ordered certain supplementation of discovery responses by February 24, 2026 and the filing of a Joint Status Report on that supplementation on February 26, 2026. *Id.* The Parties filed their Joint Status Report on February 26 as required. [Dkt. 108].

After carefully reviewing the letter brief, the Parties' arguments, the Joint Status Report, and all relevant submissions, the Court issues this Order memorializing its verbal directives from the January 29 hearing (which are hereby incorporated by reference).

**LEGAL STANDARD**

The Court has broad discretion and authority to manage discovery. *U.S. Fidelity & Guar. Co. v. Lee Inv. LLC*, 641 F.3d 1126, 1136 n.10 (9th Cir. 2011) ("District courts have wide latitude in controlling discovery, and their rulings will not be overturned in the absence of a clear abuse of discretion."); *Laub v. U.S. Dep't of Int.*, 342 F.3d 1080, 1093 (9th Cir. 2003). The Court's discretion extends to crafting discovery orders that may expand, limit, or differ from the relief requested. *See Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (holding trial courts have "broad discretion to tailor discovery narrowly and to dictate the sequence of discovery"). For example, the Court may limit the scope of any discovery method if it determines that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i).

The relevant legal standards for discovery are well-known. Rule 26(b)(1) delineates the scope of discovery in federal civil actions and provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Information need not be admissible to be discoverable. *Id.* Relevancy for purposes of discovery is broadly defined to encompass "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *In re Williams-Sonoma, Inc.*, 947 F.3d 535, 539 (9th Cir. 2020) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350-51 (1978)); *see also In re Facebook, Inc. Consumer Privacy User Profile Litig.*, No. 18-MD-2843 VC (JSC), 2021 WL 10282215, at *4 (N.D. Cal. Sept. 29, 2021) ("Courts generally recognize that relevancy for purposes of discovery is broader than relevancy for purposes of trial.") (alteration omitted).

While the scope of relevance is broad, discovery is not unlimited. *ATS Prods., Inc. v. Champion Fiberglass, Inc.*, 309 F.R.D. 527, 531 (N.D. Cal. 2015) ("Relevancy, for the purposes of discovery, is defined broadly, although it is not without ultimate and necessary boundaries.").

Information, even if relevant, must be "proportional to the needs of the case" to fall within the scope of permissible discovery. Fed. R. Civ. P. 26(b)(1). The 2015 amendments to Rule 26(b)(1) emphasize the need to impose reasonable limits on discovery through increased reliance on the commonsense concept of proportionality: "The objective is to guard against redundant or disproportionate discovery by giving the court authority to reduce the amount of discovery that may be directed to matters that are otherwise proper subjects of inquiry. The [proportionality requirement] is intended to encourage judges to be more aggressive in identifying and discouraging discovery overuse." Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment. In evaluating the proportionality of a discovery request, the Court considers "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

The party seeking discovery bears the burden of establishing that its request satisfies the relevancy requirements under Rule 26(b)(1). *La. Pac. Corp. v. Money Mkt. 1 Inst. Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012). The resisting party, in turn, has the burden to show that the discovery should not be allowed. *Id.* The resisting party must specifically explain the reasons why the request at issue is objectionable and may not rely on boilerplate, conclusory, or speculative arguments. *Id.*; *see also Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) ("Under the liberal discovery principles of the Federal Rules defendants were required to carry a heavy burden of showing why discovery was denied.").

With regard to proportionality, "[t]he parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment. "A party claiming undue burden or expense ordinarily has far better information—perhaps the only information—with respect to that part of the determination. A party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them. The court's responsibility, using all the information provided by the parties, is to consider these and all the other factors in reaching a case-specific determination of the appropriate

scope of discovery." *Id.*

As part of its inherent discretion and authority, the Court has broad discretion in determining relevancy for discovery purposes. *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005) (*citing Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)). Similarly, a district court's determination as to proportionality of discovery is within the district court's discretion. *See Jones v. Riot Hospitality Grp. LLC*, 95 F.4th 730, 737-38 (9th Cir. 2024) (finding district court did not abuse discretion on proportionality ruling). Ultimately, "the timing, sequencing and proportionality of discovery is left to the discretion of the Court." *Toro v. Centene Corp.*, No. 19-cv-05163 LHK (NC), 2020 WL 6108643, at *1 (N.D. Cal. Oct. 14, 2020).

## DISCUSSION

The Parties' Letter Brief presents a dispute over Plaintiff's request for supplementation of discovery responses. Plaintiff requests "tailored discovery on one key topic: Google's *competing* products and services advertising 'Gemini' marks, and the profits from those products." [Dkt. 63 at 2] (emphasis in original). Specifically, Gemini asks Google to supplement Interrogatory Nos. 6-8, 14, and 17, and RFP Nos. 39 and 51. *Id.* at 3. At the discovery hearing, Plaintiff withdrew the request to supplement the written interrogatories and narrowed the scope of RFP Nos. 39 and 51 to include only Gemini for Google Workspace and Gemini Enterprise.

Defendant does not dispute the relevancy of Plaintiff's request in the briefing, nor did Defendant raise any such dispute at the hearing. Thus, the relevance of Plaintiff's request is not at issue.

Instead, Defendant argues Plaintiff's request is not proportional and unduly burdensome. In the Letter Brief, Defendant maintains "Plaintiff's request for discovery on ten different products is not 'narrow.'" *Id.* at 6. In response, Plaintiff significantly narrowed the scope of its discovery request by limiting the focus to two products and withdrawing the portion of the request regarding supplementation of written interrogatories.

Despite this narrowing, Defendant continues to argue the request is unduly burdensome. Rather than provide any concrete factual explanation as to why the request is unduly burdensome, Defendant relies solely on attorney argument. This Court's Discovery Standing Order explicitly

United States District Court
Northern District of California

4

instructs, "[t]he joint [discovery] letter may not be accompanied by any declarations, *unless* a Party declaration is needed to support a specific claim of undue burden." *See* Standing Discovery Order at Section H(3) (emphasis added). Thus, Defendant had notice that a declaration could, and in fact should, be submitted to support an undue burden claim. Still, Defendant neglected to submit any supporting declaration. Accordingly, Defendant has failed to demonstrate that Plaintiff's request is unduly burdensome in the first instance, let alone after the narrowing of scope.

As stated at the January 29 hearing, Plaintiff's request for supplemental discovery is **DENIED-IN-PART** and **GRANTED-IN-PART**. Plaintiff's request for supplementation of Interrogatory Nos. 6, 7, and 14 is **DENIED AS MOOT**, because Plaintiff orally withdrew this request at the hearing.

Plaintiff's request for supplementation of the responses to RFP Nos. 39 and 51 is **DENIED** to the extent the RFPs are duplicative of Interrogatory Nos. 8 and 17.

Plaintiff's request for supplementation of the responses to Interrogatory Nos. 8 and 17 regarding data on the revenue, costs, and sales of Gemini for Google Workspace and Gemini Enterprise is **GRANTED**. As ordered verbally at the January 29 hearing, Defendant was **ORDERED** to produce the supplemental response to Interrogatory Nos. 8 and 17 by February 24, 2026. [Dkt. 98]. In the Joint Status Report, Google reports that it "has fully complied with the Court's January 29, 2026 Order (Dkt. 98)". [Dkt. 108 at 2].

In the Joint Status Report, Gemini responds to Google's portion of the report by raising requests that go beyond the original discovery dispute, such as a request barring Google to "later produce or introduce any documents or evidence relating to any 'elements of cost or deduction claimed.'" *Id.* at 3. Gemini further raises a concern that "Google's supplemental interrogatory response also suggests that Google seeks to leave the door open for additional productions of evidence related to costs and expenses down the road." *Id.* at 4. Finally, Gemini adds a new request that Google be required to produce a Rule 30(b)(6) witness "to explain the three new financial spreadsheets (and one modified spreadsheet) that Google produced and relied on for its supplemental February 24 interrogatory responses." *Id.* at 5.

The only substantive argument Gemini makes with regard to the adequacy of Google's

United States District Court
Northern District of California

supplemental interrogatory response is the complaint that Google provided supplemental data only to the extent such data is kept in the ordinary course of business. *Id.* at 3. Gemini argues that the interrogatories as drafted were not limited to data kept in the ordinary course of business and raises a concern that Google may somehow attempt to introduce new evidence at some later time based on this "caveat." *Id.* at 4. Google argues that "Google does not track and/or maintain revenue, costs and sales specific to Gemini functionality for Google Workspace in the ordinary course of business, nor does it track or maintain costs specific to Gemini Enterprise in the ordinary course of business." *Id.* at 2.

Gemini's arguments were considered and rejected at the January 29 hearing. A Party is not required to create new, previously nonexistent data for an Opposing Party to respond to a discovery request, if the data is not kept in the ordinary course of business. *See Prescott v. AAA Auto Club of S. Cal. et al.*, No. CV 13-8953-MWF (PLAx), 2015 WL 14094759 at *2 (C.D. Cal. Apr. 22, 2015) (agreeing that a party "need not create new documents to respond to discovery"). Further, Gemini's fear that Google may somehow attempt to introduce new evidence at some later date has, so far, proven unfounded and is simply not a ripe dispute (nor is it necessarily a dispute within the scope of the Discovery Referral Order, depending on how the dispute is framed as an actual discovery dispute as opposed to an evidentiary objection more properly raised at trial).

In that regard, the Court issued a Text Order dated February 27, 2026 in which the Court **DENIED WITHOUT PREJUDICE** "any requests for a discovery order" contained in the Joint Status Report. [Dkt. 109]. That February 27 Text Order is incorporated herein by reference. To the extent the Joint Status Report attempts to raise new discovery disputes (including raising fears over things that have not happened yet and may never happen) or attempts to seek further, additional relief not requested in the original Joint Discovery Letter Brief, any such new disputes are not ripe and premature. There is no indication in the record that the Parties fully complied with all meet and confer requirements and Section H(2) of the Standing Discovery Order with regard to any of these new disputes, issues, or requests for additional discovery.

## CONCLUSION

For all the reasons discussed herein, the Court **GRANTS-IN-PART** and **DENIES-IN-**

**PART** the motion to compel further discovery supplementation as raised in the Parties' Letter Brief.

This Order **RESOLVES** Dkts. 63 and 108.

**IT IS SO ORDERED.**

Dated: March 20, 2026

_____
PETER H. KANG
United States Magistrate Judge

United States District Court
Northern District of California

7