United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GEMINI DATA, INC., | Case No. 24-cv-06412-JSW   (PHK) |
| Plaintiff, | **ORDER DENYING PLAINTIFF GEMINI DATA, INC.'S MOTION TO COMPEL RE PRIVILEGE DISPUTE** |
| v. | |
| GOOGLE LLC, | Re: Dkt. 104 |
| Defendant. | |

**INTRODUCTION**

This case arises out of a dispute between Plaintiff Gemini Data, Inc. ("Gemini") and Defendant Google, LLC ("Google") regarding alleged trademark infringement. Gemini, a start-up founded in 2013, holds registered "GEMINI" trademarks for AI software and services. [Dkt. 63 at 2]. Google, allegedly unaware of Gemini's registrations, decided on the name "Gemini" for its deep learning model research in 2023, and eventually named its AI chatbot "Gemini" in 2024. *Id.* at 4-5. Plaintiff asserts claims for trademark infringement, false designation of origin, and unfair competition. [Dkt. 97].

All discovery matters in this case have been referred to the undersigned. [Dkt. 49]. Now before the Court is a joint discovery letter brief filed by the Parties regarding Plaintiff's request for production of documents previously withheld as privileged by Defendant Google. [Dkt. 104]. The Court finds the dispute suitable for resolution without oral argument. *See* Civil L.R. 7-1(b). After carefully reviewing the letter brief and all relevant submissions, the Court resolves this dispute as set forth in the instant Order.

**LEGAL STANDARD**

The Court has broad discretion and authority to manage discovery. *U.S. Fidelity & Guar.*

United States District Court
Northern District of California

*Co. v. Lee Inv. LLC*, 641 F.3d 1126, 1136 n.10 (9th Cir. 2011) ("District courts have wide latitude in controlling discovery, and their rulings will not be overturned in the absence of a clear abuse of discretion."); *Laub v. U.S. Dep't of Int.*, 342 F.3d 1080, 1093 (9th Cir. 2003). The Court's discretion extends to crafting discovery orders that may expand, limit, or differ from the relief requested. *See Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (holding trial courts have "broad discretion to tailor discovery narrowly and to dictate the sequence of discovery"). For example, the Court may limit the scope of any discovery method if it determines that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i).

The relevant legal standards for discovery are well-known. Rule 26(b)(1) delineates the scope of discovery in federal civil actions and provides that "[p]arties may obtain discovery regarding any *nonprivileged* matter that is relevant to any party's claim or defense and proportional to the needs of the case." (emphasis added). As a general matter, "[a] party is not entitled to discovery of information protected by the attorney-client privilege." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Wharton v. Calderon*, 137 F.3d 1201, 1205 (9th Cir. 1997).

"The attorney-client privilege protects confidential communications between attorneys and clients, which are made for the purpose of giving legal advice." *In re Grand Jury*, 23 F.4th 1088, 1091 (9th Cir. 2021) (quoting *United States v. Sanmina Corp.*, 968 F.3d 1107, 1116 (9th Cir. 2020)). "(1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived." *United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009) (quoting *In re Grand Jury Investigation*, 974 F.2d 1068, 1071 n.2 (9th Cir. 1992)).

The attorney-client privilege is "narrowly and strictly construed," and the party asserting it has the burden of proving that the privilege applies. *United States v. Gray*, 876 F.2d 1411, 1415 (9th Cir. 1989) (citations omitted). The privilege protects only communications and not underlying facts. *Upjohn v. United States*, 449 U.S. 383, 396 (1981) (holding that a party "may not refuse to

United States District Court
Northern District of California

disclose any relevant fact within his knowledge merely because he incorporated a statement of such fact into his communication to his attorney"). The privilege is not absolute; it may be waived "either implicitly, by placing privileged matters in controversy, or explicitly, by turning over privileged documents." *Gomez v. Vernon*, 255 F.3d 1118, 1131 (9th Cir. 2001), *cert. denied*, *Beauclair v. Puente Gomez*, 534 U.S. 1066 (2001). Still, Courts should be cautious to find a waiver of privilege as it "is an exceedingly severe outcome." *See United States v. Al-Shawaf*, No. ED CV 16-1539-ODW (SPx), 2017 WL 5997440, at *4 (C.D. Cal Sept. 5, 2017).

## DISCUSSION

This case centers around a dispute wherein "Gemini Data alleges that Google willfully infringed Plaintiff Gemini Data's GEMINI marks by adopting the GEMINI brand for its AI software with full knowledge of Gemini Data and its registered trademarks for use with AI software." [Dkt. 104 at 2]. According to Gemini, Google confirmed that it "will dispute willfulness by arguing that Google adopted GEMINI in good faith and, if asked for the basis, will invoke counsel's investigation." *Id.* Consequently, Gemini "requests that Google produce its assessments of the Gemini Data trademark in light of Google's stated intent to dispute Gemini Data's allegation of willful infringement and claim good faith based on assessments of counsel." *Id*. at 1.

Gemini avers that "[d]iscovery confirmed that the *sole* Google personnel who did any trademark assessments and evaluated Gemini Data's marks were lawyers. Thus, the *only* basis for Google's good faith defense is the advice of its lawyers regarding infringement of Gemini Data's trademarks." *Id.* at 2. (emphasis in original). Gemini avers that "Google has chosen to selectively disclose *some* of its attorney's views regarding Gemini Data's GEMINI trademark to *support* its claims of good faith," but, according to Gemini, Google withholds as privileged "all information that would permit Gemini Data to examine Google's claimed good faith[.]" *Id.* (emphasis in original).

Gemini argues that the sword-shield rule "precludes Google from asserting good faith premised on advice of counsel, selectively disclosing certain information underpinning its claim of good faith, and withholding from Gemini Data and the jury the discovery necessary to test that assertion." *Id.*; *see Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992) ("The

United States District Court
Northern District of California

privilege which protects attorney-client communications may not be used both as a sword and a shield. Where a party raises a claim which in fairness requires disclosure of the protected communication, the privilege may be implicitly waived.") (citation omitted). Gemini "asks the Court to order Google to either: 1) produce the documents [withheld as privileged as identified by Gemini in the Letter Brief]; or 2) agree to withdraw its assertion of good faith premised—as Google admits—on advice of counsel." [Dkt. 104 at 2].

In response, Google argues that Google "has not asserted advice of counsel as a defense or otherwise waived privilege; it has provided factual information that is not protected by privilege. It is therefore not using privilege as a sword and shield, and Plaintiff's requested relief should be denied." *Id.* at 4.

After careful review of the materials submitted, the Court accepts Google's unequivocal assertions that Google has not (and is not) asserting advice of counsel as a defense and thus agrees with Google's characterization of the facts leading up to this dispute. An express waiver of privilege "occurs when a party discloses privileged information to a third party who is not bound by the privilege, or otherwise shows disregard for the privilege by making the information public." *United States v. Sanmina Corp.*, 968 F.3d 1107, 1116-17 (9th Cir. 2020) (citation omitted). Here, Google clearly states (contrary to Gemini's characterization) that Google is *not* relying on advice of counsel as a defense to the willfulness claim. The fact that (according to Gemini) the only Google personnel involved in analyzing the trademark issues were lawyers does not, alone, require a finding that there has been an assertion of the advice-of-counsel defense. As the holder of the privilege, it is up to Google to decide whether or not to rely on advice of counsel as a defense and here Google has informed Gemini and the Court that Google is not relying on that defense. The fact that Gemini chose to depose Google lawyers does not require a finding that Google is relying on the advice-of-counsel defense either, particularly where (as discussed below) the testimony was limited to factual matters. Thus, the major premise of Gemini's motion to compel is lacking – Google has not expressly waived privilege here and has disclaimed the intention to do so.

To the extent Gemini raises concerns that Google is somehow trying to rely on advice of counsel in an underhanded or implied way, that fear is alleviated by Google's express disclaimer in

United States District Court
Northern District of California

this brief. *See Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001) ("Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position.") (citation omitted).  While Google is disputing willfulness, that denial alone is not an automatic waiver of the privilege - it is up to Google (and its counsel) to decide how to rebut the claim of willfulness here, and waiver of privilege is not the only tactic for countering a charge of willfulness.  *See Genentech, Inc. v. Insmed Inc.*, 236 F.R.D. 466, 469 (N.D. Cal. June 30, 2006); *Novadaq Techs., Inc. v. Karl Storz GmbH & Co. KG*, 143 F. Supp. 3d 947, 957 (N.D. Cal. Nov. 10, 2015) (lack of willfulness found based on nonprivileged facts).  Gemini's argument that there is somehow an implicit waiver of privilege because Google is trying to reveal some privileged materials while withholding other privileged documents is not well supported. The deposition testimony relied on by Gemini does not reveal any attorney-client communications.  *See* Dkt. 104 at 2-3.  After careful review, the Court finds that the testimony as presented was limited to factual matters, and facts are not privileged. *See Upjohn*, 449 U.S. at 396. For example, the testimony cited by Gemini in the Letter Brief reveals factual steps the Google lawyer took to review the Gemini webpage. [Dkt. 104 at 3].  That witness was expressly instructed by counsel not to include privileged information in answering further questions and no legal advice was disclosed by the testimony.  *Id.*  The mere fact that the witness was asked about, told not to include privileged information in the answer, and then testified solely as to the ultimate fact of Google's corporate state of mind was not a disclosure of advice of counsel. *Id.*  As a result, this testimony does not serve to waive any claims of privilege, and Gemini has failed to establish on the record presented that Google is trying to use the attorney-client privilege selectively as both a sword and a shield. *See Planet Aid, Inc. v. Reveal, Ctr. for Investigative Reporting*, No. 17-CV-03695-MMC(JSC), 2018 WL 6079617, at *2 (N.D. Cal. Nov. 21, 2018).

In sum, the materials presented do not support Gemini's characterization of Google's disclosures as constituting an implied waiver of the privilege, particularly in light of Google's express disclaimer of the advice-of-counsel defense here.  Indeed, in light of Google's express disclaimed of the advice-of-counsel defense, the Court finds that it would be unduly burdensome, not proportional to the needs of the case, and highly prejudicial to find an implied waiver of privilege

United States District Court
Northern District of California

under the facts presented here.

## CONCLUSION

For all the reasons discussed herein, the Court **DENIES** Plaintiff Gemini's Motion to Compel the documents at-issue which were withheld as privileged.

This Order was carefully drafted so as not to disclose any confidential information. Therefore, it is not filed under seal.

This Order **RESOLVES** Dkt. 104.

**IT IS SO ORDERED.**

Dated: June 15, 2026

PETER H. KANG
United States Magistrate Judge